**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VANCOIS L. D'AMOUN,

              Plaintiff-Appellant,

v.

GERALD VILLAREAL; ROBERT
MADDOCK,

              Defendants-Appellees.

No. 15-16631

D.C. No. 3:15-cv-01008-MEJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding[**]

Submitted October 25, 2016[***]

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Vancois L. D'Amoun appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations in

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

connection with his state court criminal trial. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015), and we affirm.

The district court properly dismissed D'Amoun's claims against defendant Maddock because D'Amoun failed to allege facts sufficient to show that Maddock deprived him of a federal right. *See id.* at 1035-36 ("To state a claim under § 1983, a plaintiff [1] must allege the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." (citation and internal quotation marks omitted)).

The district court properly dismissed D'Amoun's claims against defendant Villareal, who represented D'Amoun at his criminal trial, because D'Amoun failed to allege facts sufficient to show that Villareal was acting under color of state law. *See id.*; *Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) ("[A]n attorney, whether retained or appointed, does not act 'under color of' state law.").

D'Amoun's contentions that the district court was biased against him, and improperly granted Villareal's motion to dismiss because D'Amoun was neither sent nor served with the motion, are unpersuasive.

15-16631

Villareal's motion for sanctions under Federal Rule of Appellate Procedure 38, filed on December 11, 2015, is denied.

**AFFIRMED.**